UNITED STATES, Appellee,

v.

Gustavo GOMEZ–VILLAMIZAR,
Defendant, Appellant.

No. 92–1228.

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1992.
Decided Dec. 23, 1992.

Miguel A.A. Nogueras–Castro with whom Benicio Sanchez Rivera was on brief for defendant, appellant.

Epifanio Morales Cruz, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., and Jose A. Quiles Espinosa, Asst. U.S. Atty., were on brief for appellee.

Before STAHL, Circuit Judge,
CAMPBELL, Senior Circuit Judge,
SKINNER,* District Judge.

STAHL, Circuit Judge.

Defendant-appellant Gustavo Gomez–Villamizar appeals his conviction for possession with intent to distribute a controlled substance ("Count I") and possession of a controlled substance on board an aircraft arriving in the customs territory of the United States ("Count III").[1] In so doing, defendant argues that: (1) as a matter of law, he lacked the criminal intent to be found guilty under Counts I and III; and (2) the evidence was legally insufficient to convict him under either Counts I or III.

---

* Of the District of Massachusetts, sitting by designation.

1. The jury acquitted him on the charge of importation of a controlled substance into the customs territory of the United States ("Count II").

Finding neither argument persuasive, we affirm.

## I.

### FACTUAL BACKGROUND

We summarize the evidence in the light most favorable to the government. *United States v. Ocampo–Guarin*, 968 F.2d 1406, 1409 (1st Cir.1992). On October 13, 1990, defendant, a Colombian citizen, boarded Iberia Airlines Flight 928, a regularly scheduled flight from Bogota, Colombia, to Madrid, Spain. While en route to Madrid, at approximately 3:00 p.m. that same day, the flight stopped for refueling at the Luis Munoz Marin International Airport in Carolina, Puerto Rico. While the plane was in Puerto Rico, United States Customs Service ("USCS") Canine Enforcement Officer Juan Gracia–Garcia performed an inspection of the luggage aboard Flight 928. Gracia's dog alerted him to two pieces of luggage. After noticing an unusual thickness at the bottom of the two suitcases, Gracia conducted a search and found a white powdery substance in each. When field tested, the substance gave positive results for cocaine.

After obtaining the test results, Gracia contacted Iberia Airlines personnel and obtained a printout with information identifying defendant as the owner of the two suitcases. Gracia then proceeded to the in-transit lounge and requested an Iberia Airlines employee to page defendant. Gracia identified defendant through his passport and airline ticket,[2] and then placed him under arrest.

Subsequently, Gracia escorted defendant to the airport's USCS office and interviewed him. During that interview, defendant admitted that the two suitcases and the clothing within them belonged to him.

After his interview with Gracia, defendant was questioned by USCS Special Agent Rodolfo Salcedo. Neither Salcedo nor Gracia specifically asked defendant whether he knew that his two suitcases contained cocaine.

On October 15, 1990, Salcedo removed the white powdery substance from the suitcases and delivered it to USCS Chemist Marcelino Borges. Borges conducted a chemical analysis of the substance and concluded that it was cocaine hydrochloride with a gross weight of 1,999.3 grams.

According to defendant, his trip to Spain was precipitated by a job offer from one Carlos Rodriguez to serve as the head of maintenance at a hotel in Madrid. As defendant lacked adequate travelling luggage, Rodriguez allegedly gave him the two pieces of luggage at issue in this case. After packing the two suitcases with his personal belongings, defendant rode in a cab with Rodriguez to the airport.

Defendant asserted that, while he was paying a duty fee at the airport, Rodriguez checked the two suitcases onto the flight. Rodriguez then handed defendant both the plane ticket and the baggage claim tags. According to defendant, he boarded the airplane unaware that his luggage contained cocaine and that the flight would make an in-transit stop in Puerto Rico.[3]

After a three-day trial, on November 20, 1991, the jury found defendant guilty on Counts I and III.[4] Defendant was sentenced to seventy-eight months in prison. On January 27, 1992, defendant filed the instant appeal.

## II.

### DEFENDANT'S ARGUMENTS

*A. Mens Rea*

Defendant first argues that he lacked the mens rea required for conviction

---

2. Defendant's airline ticket reflected that he had checked two pieces of luggage at the airport in Bogota, Colombia. Attached to the airline ticket were baggage claim tags with numbers that matched the baggage claim numbers on the two suitcases containing the cocaine. Further, the control number of defendant's ticket was the same control number that was on defendant's baggage claim tags and his boarding pass.

3. Defendant testified that Rodriguez had informed him that his flight was travelling directly from Bogota, Colombia to Madrid, Spain.

4. Defendant had been tried previously on these charges in September 1991. Because the jury was unable to reach a verdict, defendant's first trial ended in a mistrial.

under either 21 U.S.C. § 841(a)(1) (Count I),[5] or 21 U.S.C. § 955 (Count III).[6] Because the jury found him not guilty of violating 21 U.S.C. § 952(a) (Count II),[7] defendant reasons that, as a matter of law, he could not have been found guilty under Counts I and III. Essentially, defendant contends that, since the jury found that he lacked the intent *to import* the cocaine into the customs territory of the United States, it could not properly find either that he intended to possess the cocaine with intent to distribute it or that he intended to possess it on board an aircraft arriving in or departing the customs territory of the United States.

Unfortunately for defendant, however, we recently considered and rejected the argument he now advances. *See United States v. Bernal–Rojas*, 933 F.2d 97, 98–100 (1st Cir.1991). In *Bernal*, like the case at bar, the defendant had been convicted under 21 U.S.C. §§ 841(a)(1) and 955, but was found not guilty under 21 U.S.C. § 952(a). The defendant in *Bernal* argued that, because the three offenses contained identical state of mind requirements, the verdicts were inconsistent as a matter of law. *Id.* at 98, 100. We rejected that argument:

> The jury could have found, for example, that although appellant did possess the drugs on board the aircraft, and did intend to distribute them, she did not import them into the United States because her intent was to import them into Belgium. This possible interpretation of the facts does not undermine the conviction

for possession with intent to distribute, as "the place of intended distribution is not important so long as such intent is established together with the fact of possession within the United States."

*Id.* at 100 (quoting *United States v. Mejia–Lozano*, 829 F.2d 268, 271 (1st Cir.1987)).

In the instant case, while defendant attempts to distinguish his argument from that made in *Bernal* by dressing it in jurisdictional clothing,[8] his central complaint is that the jury verdicts are inconsistent. After *Bernal*, this argument must fail. Accordingly, we reject defendant's entreaty to reverse his conviction on this basis.[9]

### B. Sufficiency of the Evidence

Defendant next argues that the jury lacked sufficient evidence to find him guilty of the charges in Counts I and III. We find this argument unpersuasive.

In assessing a sufficiency claim, "we must decide whether, viewing the evidence and all legitimate inferences which may be drawn from it in the light most favorable to the government, a rational jury could have found the defendant guilty beyond a reasonable doubt." *Ocampo*, 968 F.2d at 1409. "[T]he prosecution need not exclude every reasonable hypothesis of innocence, so long as the total evidence permits a conclusion of guilty beyond a reasonable doubt." *United States v. Nueva*, 979 F.2d 880, 883 (1st Cir.1992). Moreover, we must resolve all issues of credibility in favor of the verdict. *Id.*

---

**5.** 21 U.S.C. § 841(a)(1) provides that it "shall be unlawful for any person knowingly or intentionally" to "possess with intent ... to distribute ... a controlled substance...."

**6.** 21 U.S.C. § 955 provides that it "shall be unlawful for any person to bring or possess" a controlled substance aboard any aircraft "arriving in or departing from ... the customs territory of the United States...."

**7.** 21 U.S.C. § 952(a) provides that it "shall be unlawful to import into the customs territory of the United States from any place outside thereof ... [a] controlled substance...."

**8.** Defendant contends that, because he lacked the mens rea to be found guilty under Counts I

and III, the Court is without jurisdiction over his person.

**9.** Acknowledging that the holding in *Bernal* controls his case, defendant urges us to revisit our precedent in this area. Even if we were persuaded by defendant's arguments on this question, which we are not, this panel would nonetheless be bound by this circuit's controlling precedent. *See Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct and Sewer Authority*, 945 F.2d 10, 12 (1st Cir.1991) ("We have held, with a regularity bordering on the monotonous, that in a multi-panel circuit, newly constituted panels are, by and large, bound by prior panel decisions closely on point."), *cert. granted*, — U.S. ——, 112 S.Ct. 1290, 117 L.Ed.2d 514 (1992).

### 1. Count I

■ To prove a violation of 21 U.S.C. § 841(a)(1), the government must show beyond a reasonable doubt that a defendant knowingly or intentionally possessed a controlled substance with intent to distribute it. *See Ocampo*, 968 F.2d at 1409 n. 1. A defendant can be found guilty under this statute if s/he has merely constructive possession of the controlled substance. *See id.* at 1410 ("Our decision that [defendant] possessed the suitcase and the cocaine in the United States is consistent with many previous decisions in this circuit in which passengers landing in the United States with checked luggage have been found to be in knowing possession of the contents."). The quantity of drugs involved is sufficient "to permit the inference that [a defendant] knew it would be distributed." *Id.* at 1410. Moreover, the government need not prove that the defendant had the intent to distribute the controlled substance in the United States. "[T]he *place* of intended distribution is not important so long as such intent is established together with the fact of possession within the United States." *Id.* at 1411 (quoting *United States v. McKenzie*, 818 F.2d 115, 118 (1st Cir.1987)) (emphasis in original); *see also Bernal*, 933 F.2d at 100 (same).

Defendant argues that the government failed to establish either that he knowingly possessed the cocaine or that he intended to distribute it. As for the element of possession, much evidence adduced at trial tended to show that defendant was in constructive possession of the two suitcases and the cocaine. For example, the airline records identified defendant as the owner of the two suitcases, his airline ticket reflected that he had checked two pieces of luggage, the baggage claim tags attached to his ticket had numbers that matched the baggage claim tags on the two suitcases, and the control number on defendant's ticket matched that on his baggage claim tags and boarding pass. Moreover, after his arrest, defendant admitted to USCS officer Gracia that the two suitcases and the clothing within them belonged to him.

Defendant also contends that the government failed to prove that he knew the cocaine was in the two suitcases. As we have recently stated, however, in response to an almost identical argument: "The jury, of course was not required to believe [defendant's] testimony denying knowledge [that the cocaine was in the suitcase]. Issues relating to state of mind, such as knowledge and intent, may be influenced by assessments of credibility and often must be established by circumstantial evidence." *Ocampo*, 968 F.2d at 1410. Here, the jury had the opportunity to judge defendant's credibility.[10] Viewing the evidence in a light most favorable to the verdict, we are persuaded that the jury was not unreasonable in discrediting his denial of knowledge.

Evidence adduced at trial also supported a finding that defendant had the intent to distribute the cocaine. From the large quantity of cocaine involved, the jury could have inferred that defendant harbored the intent to distribute it. *Id.* at 1410.

Based upon the aforementioned evidence, we find unpersuasive defendant's sufficiency argument under 21 U.S.C. § 841(a)(1). Accordingly, we affirm defendant's conviction under Count I.

### 2. Count III

■ In urging reversal of Count III, defendant relies upon the very same arguments he made under Count I. As such, discussion of Count III need not detain us long.

To prove a violation of 21 U.S.C. § 955, the government must show beyond a reasonable doubt that a defendant brought or possessed a controlled substance on board an aircraft arriving in or departing from the customs territory of the United

---

**10.** In addition to asserting that he did not know the cocaine was in his luggage, defendant testified that he did not know much about Rodriguez, the man who allegedly loaned him the suitcases, purchased his airline ticket, and persuaded him to sell all of his possessions and leave Columbia for a hotel maintenance job in Madrid. Defendant also testified that he did not know the name, size, or specific location of the hotel.

States.[11] *See Ocampo,* 968 F.2d at 1409 n. 1. As outlined above, we think the evidence sufficient for a jury to find that defendant knowingly possessed a large quantity of cocaine on board Iberian Airlines Flight 928. *See United States v. Gonzalez–Torres,* 980 F.2d 788, 791 (1st Cir.1992) (holding that government presented sufficient evidence of a violation of § 955 by showing "that the defendant was a passenger on an aircraft that arrived in Puerto Rico from Panama, that two suitcases on that aircraft contained a controlled substance, that the substance was in fact cocaine, and that the defendant actually or constructively possessed the two suitcases"). Accordingly, we affirm defendant's conviction under Count III.

### III.

### CONCLUSION

In sum, for the foregoing reasons, we affirm defendant's conviction under 21 U.S.C. §§ 841(a)(1) and 955.

*Affirmed.*

---

**11.** Section 955 also requires proof that the cocaine was not part of the cargo manifest or the official supplies of the aircraft. Defendant does not contest the sufficiency of the government's evidence on this element.