May 3, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2048

GUSTAVO ALBERTO CAMACHO CARBONO,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Breyer, Chief Judge,

Torruella and Cyr, Circuit Judges.

Gustavo Alberto Camacho-Carbono on brief pro se.

Daniel F. Lopez-Romo, United States Attorney, Warren

Vazquez, Assistant United States Attorney, and Jose A. Quiles

Espinosa, Senior Litigation Counsel, on brief for appellee.

Per Curiam. Gustavo Alberto Camacho-Carbono

appeals the denial of his motion to set aside, vacate, or

correct his sentence pursuant to 28 U.S.C. 2255. We affirm

the district court's decision dismissing his petition.

Appellant was found to be in possession of three

kilograms of cocaine at the Luis Munoz Marin International

Airport when his airline flight, en route from Bogota,

Colombia to Madrid, Spain, made a stopover in San Juan,

Puerto Rico. He was arrested and charged in a three count

indictment with (1) knowingly importing cocaine into the

customs territory of the United States from a place outside

thereof in violation of 21 U.S.C. 952(a); (2) possession

with intent to distribute cocaine in violation of 21 U.S.C.

841(a)(1); and (3) possession of cocaine on board an aircraft

arriving in the customs territory of the United States, which

drug was not part of the cargo entered in the manifest or

part of the official supplies of the aircraft, in violation

of 21 U.S.C. 955.

After pre-trial discovery, appellant agreed to

plead guilty to Count Three, violation of 21 U.S.C. 955, in

exchange for which the government dismissed the other two

counts. The plea agreement signed by appellant on May 16,

1989, shows that appellant then understood that his guilty

plea meant that he would be sentenced to a term of

imprisonment of not less than five nor more than forty years,

-2-

supervised release of four years and a possible fine of up to

two million dollars. On September 5, 1989, petitioner was

sentenced to sixty-three months incarceration, four years

supervised release, and a special monetary assessment of

$50.00. No appeal was taken. The instant 2255 petition,

which we construe, in part, as an attack on his guilty plea

as not knowing and voluntary, was filed on June 10, 1992.

After consideration of the motion papers and exhibits, the

district court denied the petition for reasons stated in its

order of August 6, 1992. This appeal followed.

Appellant argues that his sentence should be set

aside because his flight was bound for Spain, not the United

States. He suggests that he was not in control of the

plane's flight path and implies that he was not aware that

the plane would stop in San Juan.

As appellant now sees it, these facts inevitably

lead to two conclusions. First, he now believes that he

could not have been lawfully convicted under the first two

counts of the indictment and should have been so informed by

either the prosecutor and/or his own counsel prior to entry

of his guilty plea to Count Three. Second, he argues that

his own lack of control over, and awareness of, the

airplane's stopover in San Juan proves that he was not

"voluntarily" in the United States and therefore not subject

to conviction under Count Three.

-3-

Appellant's first conclusion is based on a

misapprehension of the law. See United States v. Gomez-

Villamizar, 981 F.2d 621, 624 (1st Cir. 1992) (under 21

U.S.C. 841(a) the government need not prove that defendant

had the intent to distribute drugs in the United States, only

possession in the United States and facts sufficient to

permit an inference of intention to distribute); United

States v. Ocampo-Guarin, 968 F.2d 1406 (1st Cir. 1992) (it is

not necessary to establish that the defendant was aware that

his flight would stop in the United States in order to prove

a violation of 21 U.S.C. 952(a)).

Appellant's second conclusion is also based on a

misapprehension of the law. While he "attempts to dress[] it

in jurisdictional clothing," the argument is not

distinguishable from that rejected in earlier cases. Gomez-

Villamizar, 981 F.2d at 621; United States v. Bernal-Rojas,

933 F.2d 97 (1st Cir. 1991). Regardless of a defendant's

control or knowledge of an aircraft's rescheduled path, so

long as the defendant made a free and voluntary choice to

board an aircraft which landed in Puerto Rico, there is no

bar to a conviction under 21 U.S.C. 955. Bernal-Rojas, 933

F.2d at 101.1

1. In support of his argument, appellant has appended to his
brief a July 21, 1992 decision of the Board of Immigration
Appeals ["BIA"] in his deportation case. That separate
proceeding involves different legal issues which are not
before us. Moreover, appellant misplaces reliance on the

-4-

Appellant's final contention that he was denied the

effective assistance of counsel is belied by his own written

statements at the time, expressing satisfaction with

counsel's performance, and the district court's report of

similar statements at the "change of plea" hearing. See

Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) (district

court may rely on its recollection of sentencing

proceedings). Appellant's current reconstruction of

counsel's alleged faults falls short of meeting the burden

appellant bears of demonstrating that the district court's

determination on this issue amounts to clear error. Isabel

v. United States, 980 F.2d 60, 64 (1st Cir. 1992). He points

to no advice by counsel that was outside "the range of

competence demanded of attorneys in criminal cases," nor any

reason to believe that counsel's choices were not plausible

options. United States v. Cronic, 466 U.S. 648, 655 (1984);

see also Barrett v. United States, 965 F.2d 1184, 1193 & n.18

(1st Cir. 1992) ("We may not find a deficient professional

performance in the constitutional sense unless the challenged

BIA's mixed legal/factual conclusion that he is in this
country "involuntarily." As the cases cited in the BIA
decision show, the BIA's conclusion reflects only appellant's
status as a prisoner. It does not reflect in any way on the
legality of appellant's conviction under 21 U.S.C. 955.

-5-

decisions were not `plausible options'.") (citation

omitted).2

For these reasons, the district court's order

dismissing the petition is affirmed.

2. In a letter to this court dated the same day as his
brief, December 18, 1992, appellant alleges that he did not
have access to a law library from January, 1992 through
November 6, 1992. As he did not object on this basis below,
and had access to a library for purposes of his appellate
brief here, we construe his letter request for "reasonable
relief" as, in effect, asking that we read his brief
liberally. This we have done, resolving all ambiguities in
his favor.

-6-