USCA1 Opinion

 

 May 3, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2048 GUSTAVO ALBERTO CAMACHO CARBONO, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Gustavo Alberto Camacho-Carbono on brief pro se. _______________________________ Daniel F. Lopez-Romo, United States Attorney, Warren _______________________ ______ Vazquez, Assistant United States Attorney, and Jose A. Quiles _______ _______________ Espinosa, Senior Litigation Counsel, on brief for appellee. ________ __________________ __________________ Per Curiam. Gustavo Alberto Camacho-Carbono ___________ appeals the denial of his motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. 2255. We affirm the district court's decision dismissing his petition. Appellant was found to be in possession of three kilograms of cocaine at the Luis Munoz Marin International Airport when his airline flight, en route from Bogota, Colombia to Madrid, Spain, made a stopover in San Juan, Puerto Rico. He was arrested and charged in a three count indictment with (1) knowingly importing cocaine into the customs territory of the United States from a place outside thereof in violation of 21 U.S.C. 952(a); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1); and (3) possession of cocaine on board an aircraft arriving in the customs territory of the United States, which drug was not part of the cargo entered in the manifest or part of the official supplies of the aircraft, in violation of 21 U.S.C. 955. After pre-trial discovery, appellant agreed to plead guilty to Count Three, violation of 21 U.S.C. 955, in exchange for which the government dismissed the other two counts. The plea agreement signed by appellant on May 16, 1989, shows that appellant then understood that his guilty plea meant that he would be sentenced to a term of imprisonment of not less than five nor more than forty years, -2- supervised release of four years and a possible fine of up to two million dollars. On September 5, 1989, petitioner was sentenced to sixty-three months incarceration, four years supervised release, and a special monetary assessment of $50.00. No appeal was taken. The instant 2255 petition, which we construe, in part, as an attack on his guilty plea as not knowing and voluntary, was filed on June 10, 1992. After consideration of the motion papers and exhibits, the district court denied the petition for reasons stated in its order of August 6, 1992. This appeal followed. Appellant argues that his sentence should be set aside because his flight was bound for Spain, not the United States. He suggests that he was not in control of the plane's flight path and implies that he was not aware that the plane would stop in San Juan. As appellant now sees it, these facts inevitably lead to two conclusions. First, he now believes that he could not have been lawfully convicted under the first two counts of the indictment and should have been so informed by either the prosecutor and/or his own counsel prior to entry of his guilty plea to Count Three. Second, he argues that his own lack of control over, and awareness of, the airplane's stopover in San Juan proves that he was not "voluntarily" in the United States and therefore not subject to conviction under Count Three. -3- Appellant's first conclusion is based on a misapprehension of the law. See United States v. Gomez- ___ _____________ ______ Villamizar, 981 F.2d 621, 624 (1st Cir. 1992) (under 21 __________ U.S.C. 841(a) the government need not prove that defendant had the intent to distribute drugs in the United States, only possession in the United States and facts sufficient to permit an inference of intention to distribute); United ______ States v. Ocampo-Guarin, 968 F.2d 1406 (1st Cir. 1992) (it is ______ _____________ not necessary to establish that the defendant was aware that his flight would stop in the United States in order to prove a violation of 21 U.S.C. 952(a)). Appellant's second conclusion is also based on a misapprehension of the law. While he "attempts to dress[] it in jurisdictional clothing," the argument is not distinguishable from that rejected in earlier cases. Gomez- ______ Villamizar, 981 F.2d at 621; United States v. Bernal-Rojas, __________ ______________ ____________ 933 F.2d 97 (1st Cir. 1991). Regardless of a defendant's control or knowledge of an aircraft's rescheduled path, so long as the defendant made a free and voluntary choice to board an aircraft which landed in Puerto Rico, there is no bar to a conviction under 21 U.S.C. 955. Bernal-Rojas, 933 ____________ F.2d at 101.1 ____________________ 1. In support of his argument, appellant has appended to his brief a July 21, 1992 decision of the Board of Immigration Appeals ["BIA"] in his deportation case. That separate proceeding involves different legal issues which are not before us. Moreover, appellant misplaces reliance on the -4- Appellant's final contention that he was denied the effective assistance of counsel is belied by his own written statements at the time, expressing satisfaction with counsel's performance, and the district court's report of similar statements at the "change of plea" hearing. See ___ Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977) (district __________ _______ court may rely on its recollection of sentencing proceedings). Appellant's current reconstruction of counsel's alleged faults falls short of meeting the burden appellant bears of demonstrating that the district court's determination on this issue amounts to clear error. Isabel ______ v. United States, 980 F.2d 60, 64 (1st Cir. 1992). He points _____________ to no advice by counsel that was outside "the range of competence demanded of attorneys in criminal cases," nor any reason to believe that counsel's choices were not plausible options. United States v. Cronic, 466 U.S. 648, 655 (1984); _____________ ______ see also Barrett v. United States, 965 F.2d 1184, 1193 & n.18 ________ _______ _____________ (1st Cir. 1992) ("We may not find a deficient professional performance in the constitutional sense unless the challenged ____________________ BIA's mixed legal/factual conclusion that he is in this country "involuntarily." As the cases cited in the BIA decision show, the BIA's conclusion reflects only appellant's status as a prisoner. It does not reflect in any way on the legality of appellant's conviction under 21 U.S.C. 955. -5- decisions were not `plausible options'.") (citation omitted).2 For these reasons, the district court's order dismissing the petition is affirmed. ________ ____________________ 2. In a letter to this court dated the same day as his brief, December 18, 1992, appellant alleges that he did not have access to a law library from January, 1992 through November 6, 1992. As he did not object on this basis below, and had access to a library for purposes of his appellate brief here, we construe his letter request for "reasonable relief" as, in effect, asking that we read his brief liberally. This we have done, resolving all ambiguities in his favor. -6-