Carlos Alberto Berrio CALLEJAS,
Plaintiff,

v.

UNITED STATES of America, Defendant.

Civil No. 94–1155.
Criminal No. 90–271.

United States District Court,
D. Puerto Rico.

Feb. 16, 1996.

Carlos Alberto Berrio Callejas, Fairton, New Jersey, pro se.

### OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's motion, filed under 28 U.S.C. § 2255, attacking his sentence imposed by this Court in Criminal Case No. 90–271 (JP), respondent's opposition, and petitioner's supplemental motions (docket Nos. 1, 6, and 11). Petitioner moves to vacate, set aside, or correct his sentence, alleging violation of his rights under the Due Process Clause of the Fifth Amendment, and violation of his right to counsel protected by the Sixth Amendment. Since the record and motions filed in this case clearly demonstrate that the petitioner is not entitled to relief, his petition is hereby **DENIED** without a hearing.

## I. BACKGROUND

The following is a summary of facts upon which the plea agreement between petitioner and the government is based. On May 31, 1990, petitioner boarded Iberia Airlines flight number 916 in Bogatá, Colombia en route to Madrid, Spain. The flight stopped at the Luis Muñoz Marín International Airport in Puerto Rico. While in Puerto Rico, the United States Customs Service performed a routine inspection of suitcases with the aid of K–9, and identified two suitcases as suspicious. A strong glue odor emanated from the suit-

cases, and when Customs officers emptied the bags, they found them to be heavier than usual. Petitioner was identified as the owner of the bags since his name appeared on the identification tags of the suitcases. Petitioner was arrested as he was reboarding the aircraft. Subsequently, residue scraped from the side of the suitcases tested positively for cocaine.

On June 13, 1990, a grand jury of the District of Puerto Rico entered a three count Indictment against petitioner. On July 23, 1990, petitioner pled guilty to a one-count Information, charging petitioner with possession of 1,692.8 grams of cocaine base, a Schedule II Narcotic Controlled Substance, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On November 2, 1990, the District Court sentenced defendant pursuant to the Sentencing Guidelines, to a term of 188 months, five years of supervised release and a $50.00 special monetary fine. The sentence was calculated as follows: defendant's base level of 38, based upon the net weight of the cocaine seized from defendant pursuant to U.S.S.G. § 2D1.1(a)(3), was subsequently reduced by two points, due to defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), leaving a total offense level of 36. Looking at a criminal history of I, the applicable sentencing guideline range authorized a term of imprisonment of 188 to 235 months, with a supervised release term of five years, and a fine range of $20,000.00 to $4,000,000.00. Defendant's sentence of 188 months fell at the low end of the imprisonment range because the amount of cocaine base fell at the lower end of the guideline drug range (1.5 to 5 kilograms), and no fine was imposed due to defendant's financial condition.

## II. DISCUSSION

Petitioner alleges that there was a miscalculation of defendant's base offense level based upon a mutual mistake of facts; the guilty plea was involuntarily entered; and that defendant was denied effective assistance of counsel.

### A. *Miscalculation of Sentence*

Petitioner first contends that the sentencing court made a mistake in determining that

the substance in his suitcases was cocaine base, as opposed to crack cocaine. Petitioner contends that Section 2D1.1 (n *) of the United States Sentencing Guidelines ("U.S.S.G.") was amended to clarify the definition that "cocaine base" refers solely to crack cocaine, whereas all other variations of chemical compounds of cocaine are referred to simply as "cocaine", Amendment 487. Petitioner asserts that he pled guilty to possession of a chemical substance which was cocaine, not crack, therefore his base offense level should have been calculated at 26 instead of 38 pursuant to the Drug Quantity Tables of U.S.S.G. § 2D1.1.

Nothing in the record supports petitioner's contention that the substance found in the suitcases was some form of cocaine other than crack, cocaine base. The amendment to Section 2D1.1 (n *) defines crack cocaine as the "form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." Petitioner argues that the Drug Enforcement Agency ("DEA") testing of the substance revealed that it was "cocaine paste", not "cocaine base". However, the DEA record clearly states that the substance found was "cocaine base" (docket No. 16). Moreover, the criminal information, plea agreement and statements at sentencing all refer to the substance seized from the suitcases as "cocaine base". Therefore, the evidence in the record does not support petitioner's allegation that the substance had been chemically identified as cocaine paste.

Moreover, it is well settled that a defendant must be sentenced pursuant to the sentencing guidelines which are in effect on the date when defendant is sentenced. 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a); *U.S. v. Prezioso*, 989 F.2d 52, 53 (1st Cir. 1993). A Court may not modify a term of imprisonment once it has been imposed, unless the Sentencing Guidelines specifically state that amendments to the guidelines which permit a reduction in a defendant's sentence, shall be applied retroactively. *See* 18 U.S.C. § 3582(c)(2). Amendment 487 to the Sentencing Guidelines is not specifically included in subsection (c) of the Policy Statement governing retroactivity of amended

guideline ranges. *See* U.S.S.G. § 1B1.10. Therefore, Section 2D1.1(c) was not intended to apply retroactively to defendants who were sentenced before November 1, 1993. Consequently, petitioner's argument in meritless.

### B. *Guilty Plea was Involuntary—Violation of Due Process*

Petitioner next contends that the Court failed to properly explain the nature of the charges to petitioner. Specifically, petitioner asserts that neither the Court nor the government properly informed petitioner that the government was required to prove that petitioner intentionally entered into the United States and carried the drugs into the United States, as an element of the government's prima facie case.

Petitioner asserts that he never did intend to enter the United States. As evidence, petitioner states that he was merely traveling en route from Bogotá, Colombia to Madrid, Spain, with a lay-over in Puerto Rico. Petitioner did not have a visa to enter the United States, and his bags had been checked-in directly to Spain. As further support of his contention, petitioner cites to the following colloquy between the Court and petitioner during the Rule 11 Change of Plea Hearing:

District Court: "You knew that you were bringing cocaine into the United States."

Petitioner: "I was going to Spain." (Petitioner's petition docket No. 1, Exhibit D, at 13).

From this exchange, petitioner asserts that he never voluntarily agreed that he intentionally brought cocaine into the United States, since he never intended to enter the United States. Therefore, petitioner argues, his guilty plea is based upon an incorrect factual basis.

Petitioner's argument is meritless. A criminal defendant need not intend to distribute the controlled substance within the boundaries of the United States in order for defendant to have violated 21 U.S.C. § 841(a)(1). "The fact that the distribution was intended to occur in Spain is immaterial because 'the *place* of intended distribution is not important so long as such intent is estab-

lished together with the fact of possession in the United States.'" *United States v. Ocampo–Guarin,* 968 F.2d 1406, 1411 (1st Cir. 1992) (quoting *United States v. McKenzie,* 818 F.2d 115, 118 (1st Cir.1987) (emphasis in original)).

■ In the case at bar, the evidence demonstrates that defendant was in constructive possession of the two suitcases which he had checked from Bogotá, Colombia to Madrid, Spain. First, petitioner's name was present on the identification tags attached to the suitcases, and second, defendant requested that the U.S. Customs Services Officer remove his tennis shoes from the suitcases, further demonstrating his control over the bags. The quantity of cocaine, 1692.8 grams, demonstrates that defendant possessed the cocaine with intent to distribute, not with the intent to use the cocaine for personal consumption. Similar evidence has been held sufficient to support a violation of 21 U.S.C. § 841(a)(1). *See United States v. Mejía–Lozano,* 829 F.2d 268 (1st Cir.1987); *United States v. Gómez–Villamizar,* 981 F.2d 621 (1st Cir.1992); and *Ocampo–Guarin,* 968 F.2d at 1411.

■ All material details of the charges against petitioner were disclosed to him through the criminal information, the plea agreement, and during the Rule 11 Change of Plea Hearing. Furthermore, during the Rule 11 Hearing, the District Court informed petitioner of the charges against him, asked petitioner to recount for himself his version of the facts, and questioned petitioner as to the voluntariness of his plea. *See* docket No. 1, Exhibit D. The information which petitioner asserts was not presented to him was irrelevant to whether or not he was guilty of all the necessary elements of a violation of 21 U.S.C. § 841(a)(1). Consequently, petitioner's argument that his plea was based on an inadequate factual foundation must fall.

### C. *Sixth Amendment—Ineffective Assistance of Counsel*

Petitioner further asserts that his court-appointed defense counsel committed various errors which constitute ineffective assistance of counsel, in violation of petitioner's rights protected by the Sixth Amendment. Petitioner first asserts that counsel failed to move to dismiss the Indictment, alleging that the government failed to file the Indictment within 30 days after defendant was arrested, in violation of the provisions of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). Second, petitioner faults counsel's failure to file a motion to suppress asserting that the customs officers lacked probable cause to search petitioner's bags. Third, petitioner contends that counsel provided him with false promises, inducing him to waive his right to an indictment, and to plead guilty. Fourth, petitioner asserts that counsel failed to object and attempt to correct alleged inaccuracies in the probation presentence investigation report. Finally, petitioner asserts that counsel failed to file a timely appeal despite petitioner's request.

■ Whether petitioner's right to effective assistance of counsel embodied in the Sixth Amendment's guarantee of a right to counsel has been violated involves a two prong test: first, whether the performance of counsel fell below an objective standard of reasonableness, and second, whether counsel's performance was prejudicial to petitioner's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to avoid examining counsel's conduct with the benefits of hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. Plaintiff must allege sufficient allegations to overcome the strong presumption that defense counsel provided adequate legal assistance. *Id.*

■ Petitioner's allegations and the evidence in the record fail to rebut the presumption that defense counsel's performance was reasonable. Petitioner's first two arguments fault counsel's failure to file two pretrial motions. Petitioner was arrested on May 31, 1990, and he alleges that the Indictment was filed on July 23, 1990, more than 30 days later. Thus, petitioner contends that counsel should have filed a motion to dismiss the Indictment for the failure to timely file or challenged the government's action as a violation of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). Petitioner next argues that

counsel failed to file a motion to suppress asserting that the United States Customs Officials lacked probable cause to search his bags, thus the search violated petitioner's Fourth Amendment rights.

Petitioner's arguments fail to take into consideration the fact that petitioner pled guilty on July 23, 1990. "[A] valid guilty plea waives all challenges to the factual and legal foundations of the charges." *United States v. Olivia Martinez–Martinez,* 69 F.3d 1215, 1224 (1st Cir.1995). More specifically, during the Change of Plea Hearing, the Court informed petitioner of his constitutional right to be charged through a grand jury indictment, or if he waived that right, then he could be charged through the filing of an information by the United States Attorney (Change of Plea Hearing Transcript, July 23, 1990, at 6). Counsel for petitioner informed the Court that she had discussed this issue with petitioner, and petitioner himself informed the Court that he waived his right to be indicted by a grand jury.

■■■■ Petitioner argues, however, that counsel convinced him to waive his right to an indictment and enter the guilty plea based upon the promise that defendant would receive a sentence of seven years, which would be reduced to five years after the appeal. Petitioner, in fact, was sentenced to 188 months. There is no evidence in the record, however, sustaining petitioner's assertion. It is well settled that "[a] habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits,.... Facts alluded to in an unsworn memorandum will not suffice." *United States v. LaBonte* 70 F.3d 1396, 1413 (1st Cir.1995) (citing *Barrett v. United States,* 965 F.2d 1184, 1195 (1st Cir.1992)). The mere assertion that petitioner would have insisted upon a trial if it had not been for his counsel's false promises, without any explanation of what defense he would have brought fails to demonstrate that petitioner was prejudiced in some way. *Id.* Moreover, the plea agreement that petitioner entered clearly states that the potential range of imprisonment was five to forty years, but that the actual sentence imposed was subject to the discretion of the Court

(docket No. 3 in Criminal Case No. 90–271). Petitioner's sentence was within that range.

■■■■ In order to determine whether or not there was ineffective assistance of counsel in advising a defendant to enter a guilty plea, one must consider "whether the plea represents a voluntary and intelligent choice among the alternative courses of action to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). One must consider the amount and the weight of the evidence the government had collected against petitioner. In the case at bar, customs officials discovered the presence of over a thousand grams of cocaine in petitioner's bag, with the aid of the specially trained dog, during a routine airport search. Petitioner's name appeared on the suitcases. During the Change of Plea Hearing, petitioner himself explained to the Court that his business in Colombia was not doing well economically, so he agreed with an acquaintance of his friend to transport two suitcases from Colombia to Spain which contained about fifty to three hundred grams of cocaine. In return he would receive One Thousand Dollars ($1,000.00). (Change of Plea Hearing Transcript, July 23, 1990, at 11–13).

At no point in time did petitioner suggest to the Court that his decision to plea guilty was based upon a false promise, or that he understood that he would receive a sentence of imprisonment of seven years which would be subsequently reduced to five years. In fact, petitioner himself stated that he understood that the maximum amount of his penalty could be forty years pursuant to the statute.

Petitioner received a two point reduction for acceptance of responsibility because he pled guilty to the charges in the Indictment. If instead of pleading guilty, petitioner had gone to trial and was found guilty by a jury, his sentence would have been higher, since he would not have been entitled to the additional two point reduction. Therefore, counsel's advice to petitioner to plead guilty was within the competence of attorneys.

■■■ Fourth, petitioner asserts that counsel failed to object and attempt to correct alleged inaccuracies in the probation presen-

tence investigation report. Yet petitioner has not alleged what inaccuracies existed in the presentence report, nor how they caused him prejudice in the sentencing procedure.

Finally, petitioner asserts that counsel failed to file a timely appeal of defendant's sentence, despite the fact that defendant requested counsel to file a timely appeal. Petitioner himself did file an appeal on March 22, 1991. (Docket No. 10, Criminal Case No. 90–271 (JP)). This Court, however, dismissed his appeal as untimely since he did not file within the allocated ten day period, nor did he provide any reason which would constitute justifiable excuse for his failure to file a timely appeal. (Docket No. 11, Criminal Case No. 90–271 (JP)). The First Circuit Court of Appeals denied petitioner's writ of mandamus, noting that they did not have subject matter jurisdiction over petitioner's writ since he had filed an untimely request. The Circuit Court, however, suggested that petitioner file a petition for habeas corpus relief. *See* docket No. 13, Criminal Case No. 90–271.

 In this motion, petitioner has failed to show that he lost his right to appeal due to the neglect of his defense counsel. Petitioner relies upon a statement by this Court during sentencing, that defense counsel was appointed to continue representation of defendant. The statement merely provides that defense counsel would continue representing petitioner in the appellate proceedings in the event that there was an appeal. This appointment, however, did not obligate counsel to file an appeal.

In the criminal record, there are two letters, one written in English and one written in Spanish, which petitioner submitted with his motion of appeal, Exhibits II and III to docket No. 10, Criminal Case No. 90–271 (JP). In the first letter, dated January 2, 1991, petitioner wrote to defense counsel requesting a status report concerning the state of the appeal of his sentence. The full text of the letter is as follows:

Dear Mrs. Masini,

I am in receipt of your letter dated December 20, 1990. As such, I would like to respectfully bring to your attention our previous conversations regarding your representing me on direct appeal.

I was of the full understanding that you had agreed to represent me on appeal, however, if there has been a misunderstanding, please forgive me.

If you would recall just after my sentencing at the hearing, you and I discussed appellate strategy; in particular we discussed the discrepancy in sentencing versus what I understood the plea agreement to infer. We further referenced substantive evidence insofar as the luggage containing cocaine and their respective weights.

Mrs. Masini, I feel you can well understand my deep concern respecting filing a direct appeal for therein lies my best hope for relief from this excessive sentence imposed upon me.

Please be so kind as to inform me at your earliest opportunity of your intentions regarding your appointment in my case.

Thank you and I hope this year brings you prosperity.

Respectfully, (signed)

In the second letter, dated February 20, 1991, defense counsel responds in Spanish to petitioner's letter. She states that she had previously discussed with petitioner the legal points under United States law regarding border searches. As to the issue regarding the appeal, counsel responds that she had visited petitioner at the state penitentiary often, and had always given him a copy of every document related to his case. That she had explained to him the sentence range, and the fact that parole was not an option. That it was his voluntary decision to accept the plea agreement with the government. She stated that she was surprised by petitioner's new assertions of innocence regarding the presence of the drugs, after he had explained to the Court how he was driven to drug trafficking by his need for money. She does conclude that the Court assigns legal representation up until the point of time of sentencing, and to let her know if there is anything else which petitioner needs.

The First Circuit has held that prejudice can be presumed when a criminal defendant

loses his right to appeal because of counsel's neglect to perfect an appeal. *Bonneau v. United States,* 961 F.2d 17 (1st Cir.1992). In that case, the criminal defendant lost his right to direct appeal of his conviction and sentence after a jury trial, due to the dereliction of his counsel in failing to file an appellate brief. The First Circuit equated defense counsel's nonperformance with lack of legal representation, and held that the criminal defendant was entitled to a new trial without being required to prove that he held any meritorious issue.

The case at bar, however, is distinguishable. First, it is clear from the letters in the record that counsel did not fail to perfect an appeal through dereliction. This is not the case where a criminal defendant lost his ability to appeal his conviction because his counsel forgot to file the appeal, or an appellate brief during the appropriate time period. Counsel's letter indicates that she did not file an appeal because she thought that petitioner did not wish to file an appeal. In fact, petitioner's letter, dated January 2, 1990, is the first indication in the record that petitioner wished to appeal his sentence. The letter itself states that there could have been some confusion regarding defense counsel's continuation of legal representation of petitioner on appeal, however that letter intended to clarify petitioner's intentions. That clarification, however, was too late. Petitioner had been informed during the Rule 11 hearing that he would have ten days from the date on which his sentence was imposed to appeal. Moreover, when questioned by the Court, petitioner responded that he had ten days within which to perfect an appeal. Nowhere in the record is there any indication that petitioner requested counsel to perfect an appeal during that ten-day period.

Moreover, petitioner in the case at bar was not convicted following a jury trial. Petitioner chose to plead guilty by entering a plea agreement with the government. During the Change of Plea Hearing, the Court questioned defendant about his satisfaction with his legal representation, about his understanding of the charges against him, about his own version of the events that transpired, about his understanding of his possible sentence, and about the voluntariness of his plea. Transcript of Change of Plea Hearing, July 23, 1990, at 9–10. Based upon these questions as well as the plea agreement, this Court accepted petitioner's plea of guilty. During the Sentencing Hearing, when the Court inquired if there was anything that petitioner wanted to say on his own behalf, petitioner pleaded for the Court's leniency in sentencing since he had been led to criminal activity by hunger. Based upon the questions during Sentencing Hearing, the Presentence Report prepared by the Office of Probation, the statutory requirements for the imposition of sentences, and the relevant provisions of the Sentencing Guidelines, this Court imposed a sentence of 188 months, at the low end of the range, and accepted the two-point departure for early acceptance of responsibility. Petitioner's guilty plea is valid and was entered into voluntarily. The sentence imposed is in accordance with the relevant law.

## III. CONCLUSION

There was no factual mistake which lead to a miscalculation of petitioner's base offense level. The Court properly explained the nature of the charges against petitioner, therefore, petitioner's claim of involuntariness of his plea is unfounded. Next, the performance of counsel for petitioner did not fall below an objective standard of reasonableness, nor was counsel's performance prejudicial to petitioner's case, therefore, petitioner's claim of ineffective assistance of counsel is unfounded. For the foregoing reasons, petitioner's motion pursuant to Section 2255 is hereby **DENIED.**

IT IS SO ORDERED.