**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                           No. 95-5640

PHILOMENA LARTEY-TRAPMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-72)

Submitted: July 23, 1996

Decided: August 5, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Suzanne Little, Alexandria, Virginia; George P. Doss, Jr., Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Rebecca O. Hidalgo, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Philomena Lartey-Trapman ("Trapman") appeals from her jury convictions of importing heroin, in violation of 21 U.S.C. § 952(a) (1988), bringing and possessing heroin on board an aircraft, in violation of 21 U.S.C. § 955 (1988), and possessing heroin with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988). Trapman claims that the evidence at trial was insufficient to support the jury's verdict. For the reasons discussed below, we affirm Trapman's convictions.

"To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer , 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States , 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Viewing the evidence in the light most favorable to the Government, the evidence showed that when Trapman returned to the United States after a trip to Ghana, a customs inspector found a pellet, wrapped in black tape and a condom, inside her shoulder bag. The pellet was field tested and the test indicated the presence of heroin. Trapman was then taken to an examination room for a personal search.

The inspector conducting the search noticed a bulge in Trapman's crotch area and instructed her to remove her pants and show the inspector what was causing the bulge. When Trapman removed the piece of toilet paper that constituted the bulge, Trapman pushed something in her crotch area. The Inspector instructed Trapman to bend over, and when she did, the Inspector noticed a piece of white material protruding from Trapman's rectal area. Trapman then pushed the material into her rectum.

2

Trapman was arrested, and she stated that the pellet contained herbal medicine. She was taken to the hospital and examined by an obstetrician/gynecologist, since she was pregnant. The doctor removed two egg-shaped objects from Trapman's vagina, which were later determined to contain heroin. Trapman then told the customs agents that she was smuggling the pellets for her herbalist and that she believed the pellets were cocaine. Trapman later passed two more pellets containing heroin from her rectum, and the customs agents found seven more pellets secreted in her luggage.

Trapman asserts that the Government failed to prove that she knew the substance in her possession was heroin. She claims that she believed the substance was herbal medicine, and she only stated that it was cocaine in order to avoid being forced to take a laxative since she was pregnant.

Construing the above evidence and any inferences that might be drawn therefrom in the light most favorable to the Government, we find that there was sufficient evidence to support Trapman's convictions. The Government was required to prove that Trapman knowingly imported and possessed with intent to distribute a controlled substance. See United States v. Gomez-Villamizar , 981 F.2d 621, 623-25 (1st Cir. 1992) (regarding §§ 952(a), 955); United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir. 1987), cert. denied, 404 U.S. 834 (1987) (referring to § 841(a)(1)). The manner in which Trapman concealed the heroin, her furtive behavior, and her admission that she believed she was smuggling cocaine, were sufficient to enable a reasonable jury to find that Trapman knew that she was carrying a controlled substance. Whether or not Trapman knew that the substance was heroin as opposed to cocaine is irrelevant. See United States v. Rea, 532 F.2d 147, 149 (9th Cir.), cert. denied, 429 U.S. 837 (1976).

Accordingly, we affirm Trapman's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3