[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1524

 CARLOS ALBERTO BERRIO-CALLEJAS,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

 Carlos Alberto Berrio-Callejas on brief pro se. 
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, 
Senior Litigation Counsel, and Nelson Perez-Sosa, Assistant United 
States Attorney, on brief for appellee.

 

 NOVEMBER 12, 1997
 

 Per Curiam. In this appeal from the district court's summary Per Curiam

denial of his petition for a writ of habeas corpus under 28 U.S.C. 

2255, Carlos Berrio-Callejas asserts, inter alia, that the court erred 

in implicitly concluding that the petition "and records of the case

conclusively show that [he] is entitled to no relief," see id., on his 

claim of ineffective assistance of counsel. Specifically, petitioner

contends that the record does not conclusively refute his allegation

that trial counsel failed to perfect his notice of appeal, despite his

instructions that she do so. See Bonneau v. United States, 961 F.2d 

17, 23 (1st Cir. 1992). We agree. The court had no authority to

credit petitioner's counsel's letter over petitioner's, cf. Castillo 

v. United States, 34 F.3d 443, 445-46 (7th Cir. 1994), as it 

apparently did in resolving this issue against him, see Callejas v. 

United States, 917 F. Supp. 125, 131-32 (D. Puerto Rico 1996). In 

addition, the court's summary of counsel's letter (which was written

in Spanish) suggests that the letter does not, in fact, refute

petitioner's claim. See id. at 131. 

 We therefore vacate and remand with instructions that the court

(1) appoint counsel for petitioner if he qualifies for such an

appointment under 18 U.S.C. 3006A(g); and (2) hold an evidentiary

hearing as to whether, and when, petitioner instructed counsel to file

a notice of appeal, see U.S.C. 2255. Should petitioner wish to 

renew his alternative argument, made below but not on appeal, that

counsel was constitutionally ineffective in failing either to ask him

whether he wanted to appeal or to inform him of his appeal rights, see 

 2

Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991) (counsel has 

constitutional duties along these lines); but see Castellanos v. 

United States, 26 F.3d 717, 719-20 (7th Cir. 1994) (appearing to place 

onus on defendant to request an appeal); United States v. Peak, 992 

F.2d 39, 41-42 (4th Cir. 1993) (similar), the court should both

entertain it (if the court resolves the remanded issue against

petitioner) and make appropriate findings and rulings on it.1

 In light of how long this petition has been pending, the court

should appoint counsel forthwith and endeavor to hold the evidentiary

hearing as soon as possible.

 Vacated and remanded. Vacated and remanded.

  

1We do not now address the remaining issues raised by the petition, as
those issues can be raised on direct appeal should the district court
reinstate petitioner's right to take such an appeal. See Bonneau, 961 
F.2d at 23. In the event the district court does not reinstate
petitioner's right to file a direct appeal, petitioner may renew his
appeal of the court's rulings on these issues on collateral review.

 3