USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1524 CARLOS ALBERTO BERRIO-CALLEJAS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Carlos Alberto Berrio-Callejas on brief pro se. ______________________________ Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, and Nelson Perez-Sosa, Assistant United __________________ States Attorney, on brief for appellee. ____________________ NOVEMBER 12, 1997 ____________________ Per Curiam. In this appeal from the district court's summary Per Curiam denial of his petition for a writ of habeas corpus under 28 U.S.C.  2255, Carlos Berrio-Callejas asserts, inter alia, that the court erred _____ ____ in implicitly concluding that the petition "and records of the case conclusively show that [he] is entitled to no relief," see id., on his ___ ___ claim of ineffective assistance of counsel. Specifically, petitioner contends that the record does not conclusively refute his allegation that trial counsel failed to perfect his notice of appeal, despite his instructions that she do so. See Bonneau v. United States, 961 F.2d ___ _______ ______________ 17, 23 (1st Cir. 1992). We agree. The court had no authority to credit petitioner's counsel's letter over petitioner's, cf. Castillo ___ ________ v. United States, 34 F.3d 443, 445-46 (7th Cir. 1994), as it ______________ apparently did in resolving this issue against him, see Callejas v. ___ ________ United States, 917 F. Supp. 125, 131-32 (D. Puerto Rico 1996). In _____________ addition, the court's summary of counsel's letter (which was written in Spanish) suggests that the letter does not, in fact, refute petitioner's claim. See id. at 131. ___ ___ We therefore vacate and remand with instructions that the court (1) appoint counsel for petitioner if he qualifies for such an appointment under 18 U.S.C. 3006A(g); and (2) hold an evidentiary hearing as to whether, and when, petitioner instructed counsel to file a notice of appeal, see U.S.C. 2255. Should petitioner wish to ___ renew his alternative argument, made below but not on appeal, that counsel was constitutionally ineffective in failing either to ask him whether he wanted to appeal or to inform him of his appeal rights, see ___ 2 Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir. 1991) (counsel has _____ ______ constitutional duties along these lines); but see Castellanos v. ___ ___ ___________ United States, 26 F.3d 717, 719-20 (7th Cir. 1994) (appearing to place _____________ onus on defendant to request an appeal); United States v. Peak, 992 _____________ ____ F.2d 39, 41-42 (4th Cir. 1993) (similar), the court should both entertain it (if the court resolves the remanded issue against petitioner) and make appropriate findings and rulings on it.1 In light of how long this petition has been pending, the court should appoint counsel forthwith and endeavor to hold the evidentiary hearing as soon as possible. Vacated and remanded. Vacated and remanded.  ____________________ 1We do not now address the remaining issues raised by the petition, as those issues can be raised on direct appeal should the district court reinstate petitioner's right to take such an appeal. See Bonneau, 961 ___ _______ F.2d at 23. In the event the district court does not reinstate petitioner's right to file a direct appeal, petitioner may renew his appeal of the court's rulings on these issues on collateral review. 3